461 So.2d 1278 (1984)
STATE of Louisiana In the Interest of A MINOR MALE CHILD.[1]
No. 84 CJ 0706.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1279 Richard Brazan, Baton Rouge, for plaintiff-appellee State of La., Office of Human Development.
Michael Thomas, Baton Rouge, for defendant-appellee (Minor Child).
Thomas Wade, Baton Rouge, for defendant-appellant mother.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a juvenile proceeding which terminated the parental rights of the appellantmother to her five-year-old son.

FACTS
The minor child was born on April 20, 1979. On March 5, 1982, he was placed in the custody of the Louisiana Department of Health & Human Resources (Department) following certain incidents endangering his safety. The first incident occurred when a fight ensued between the mother and one of her major children. The mother telephoned the Department requesting that the minor child be removed from her home because she could no longer protect him from her older son. The second incident took place during a field visit from the social worker. Upon entering appellant's home, the social worker found the minor child and his mother in a house so filled with gas fumes that the mother could hardly be roused. As a result of these incidents, a hold order was issued, and the minor child was placed in foster care.
In August of 1982, the minor child was adjudged to be a "child in need of care"[2] and ordered to remain in the custody of the Department. On November 28, 1983, the State petitioned for termination of the parental rights of the child's mother.[3] On April 9, 1984, after trial on the merits, the trial court rendered judgment terminating the mother's parental rights pursuant to LSA-R.S. 13:1601. The judgment was signed on April 17, 1984.
The mother appeals[4] the judgment of the trial court terminating her parental rights alleging that:
1) The trial court erred in permitting the State to introduce inadmissible hearsay evidence; and
2) The trial court erred in permitting the State to introduce evidence of prior instances of removal of other children from the mother's custody.

*1280 Termination of Parental Authority

The State petitioned for the termination of the mother's rights under the authority of LSA-R.S. 13:1601(D),[5] which sets forth the elements necessary for termination as follows:
"(1) The child has been in the custody of a child welfare department or other person, pursuant to a judicial order, for a period of at least one year.
(2) The child was removed from the custody of the parents by judicial order due to the parent's abuse or neglect of the child.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.
(4) The child is an abused or neglected child, the Department of Health and Human Resources has made every reasonable effort under the circumstances to reunite the child with his parents, and the department recommends that it would not be in the best interest of the child to be reunited with his parents."
These elements "must be proven by clear and convincing evidence." LSA-R.S. 13:1603(A). Additionally, it must be proven "that the best interest of the child dictates termination of parental rights." LSA-R.S. 13:1602(D). The trial court held that the requisite burden of proof was met. We agree.
As we address each element, we find that the Department has fully satisfied its burden of proof.
(1) The child has been in the custody of a child welfare department or other person, pursuant to a judicial order, for a period of at least one year.
The record clearly reflects that a judicial order was rendered on August 2, 1982, placing the three-year-old minor child in the custody of the Department.[6] Custody has continuously remained with the Department for over two years.
(2) The child was removed from the custody of the parents by judicial order due to the parent's abuse or neglect of the child.
Appellant contends that the testimony of Sue Steib, social work supervisor for the Department, regarding the two incidents of abuse is inadmissible as hearsay. Appellant argues that Ms. Steib's first-hand knowledge of these events is limited and that her knowledge is derived from reports prepared by one of her subordinates. Appellant reasons that if the hearsay evidence regarding the instances of abuse and neglect were stricken from the record, the allegations of abuse and neglect are left unsupported by the record and an essential element of the State's case remains unproven.
We note that a certified copy of the judgment in which the child was adjudged to be in need of care was introduced by the State and admitted into evidence without objection by the appellant. The judgment reveals that the mother stipulated that her child was in need of care. Although the judgment does not specifically itemize the incidents of abuse or neglect, the judgment clearly reflects a determination of abuse and neglect and an acquiescence in that determination by the mother.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.
An unfit parent is one "who has abused the child by inflicting physical or mental injury which causes severe deterioration to the child." LSA-R.S. 13:1600(6). The evidence reflects that the mother is unfit.
Following the initial incidents of abuse and neglect in 1982, the mother was evaluated *1281 by a clinical psychologist at the request of the Department.
The psychologist testified that in 1982, the mother could not handle the stress of having her child returned to her. He recommended treatment for her problems at a local mental health center, which the mother has continually refused to follow. In 1983 and 1984, the mother was re-evaluated by the psychologist. Although her condition remained the same in 1983, her condition had deteriorated in 1984. The psychologist found minimal brain injury, which was associated with a more pronounced schizophrenic disorder, and mild, functional retardation. He determined that the mother could not provide proper care for her child and that her prognosis for recovery was very poor because of her unwillingness to seek medical assistance.
The psychologist further testified that he had evaluated the minor child on three separate occasions and that the child had improved while in foster care. He specifically attributed the child's improvement to the stability in his life and advised that the child requires stability and continuity in his life to enable him to overcome the lag in his emotional development.
Under these facts, the third element of proof was clearly met.
(4) The child is an abused or neglected child, the Department of Health and Human Resources has made every reasonable effort under the circumstances to reunite the child with his parents, and the department recommends that it would not be in the best interest of the child to be reunited with his parents.
There is no question that the child was abused and/or neglected, and we find that the Department had made every reasonable effort to effecutate a reunion.
The child's custody was transferred to the Department when he was three years of age. By the time of trial, the minor was five. During this period in the Department's custody, the child spent most of that time with foster parents. The Department entered into numerous visitation plan agreements with the mother, attempting to gradually return the child to her. Although various visitation schedules were made, many were cancelled because the mother did not wish to see her son. Further, she was often ambivalent about the return of her son. On several occasions she discussed with a social worker the possibility of voluntarily surrendering her son and, on one occasion, indicated she was going to kill the child.
The Department was acting in the best interests of the child in seeking to terminate parental rights for, once accomplished, the child will be available for adoption. LSA-R.S. 13:1605. The examining psychologist categorically believed that the child's best interest would be served by severing his relationship with his mother in light of the fact that she has made no improvement and will not seek help. This view is consistent with the Department's position.
Therefore, the trial judge's termination of parental rights is fully supported by the record.
The trial judge awarded attorney fees to the ad hoc attorney representing the mother of the minor child pursuant to LSA-R.S. 13:1602. We find that the ad hoc attorney for the mother is entitled to an increase in attorney fees for the additional time and expenses incurred preparing and arguing this appeal. Thus, that portion of the judgment making an award to the ad hoc attorney of the mother is amended to increase the award to $1100.00.
For the above reasons, the judgment of the trial court is affirmed as amended. Costs are to be paid by appellant.
AMENDED AND AFFIRMED.
NOTES
[1] At the request of the State, this case has been recaptioned to preserve the confidentiality of this matter. The mother's name is not set out herein for the same reason.
[2] According to LSA-R.S. 13:1600(7), a "child in need of care" means a child:

(a) Whose parent inflicts or allows the infliction of physical injury or sexual abuse upon the child which seriously endangers the physical, mental, or emotional health of the child.
(b) Whose physical, mental, or emotional condition is threatened or impaired as a result of the refusal or neglect of his parent to supply the child with necessary food, clothing, shelter, or medical care, or as a result of the parent's neglect or imposition of cruel punishment.
(c) Who is without necessary food, clothing, shelter, or medical care because of abandonment by, or the disappearance of, his parent.
(d) No child who is being provided treatment in accordance with a recognized religious method of healing in lieu of medical treatment shall for that reason alone be considered to be a child in need of care for purposes of this Section.
[3] The minor child's legal father voluntarily surrendered his rights under the provisions of LSA-R.S. 9:401-402. The petition for termination filed by the State alleges that the child's biological father has also surrendered his rights to the minor child.
[4] We will not address each of appellant's assignments of error individually; however, the opinion adequately addresses the issues raised by appellant.
[5] The petition for termination filed by the State also requested termination under LSA-R.S. 13:1601(B) & (F). However, the State need only prove the grounds under one subsection. Although the State has successfully established grounds for termination under numerous subsections, we have selected LSA-R.S. 13:1601(D) for illustration.
[6] We note that although the judicial order was rendered in 1982, a formal judgment was not signed until February, 1984.